# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:14-CV-00720-GCM

| | | |
|---|---|---|
| CURL EUGENE DAVIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TYSON FOODS, INC., | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

        **THIS MATTER** is before the Court upon Defendant Tyson Foods, Inc. ("Tyson Foods"), and Tyson Foods employees Marty Martin, and Leonard Parks' (collectively "Defendants") Motion to Dismiss Plaintiff's Complaint (Doc. No. 5). In their motion, Defendants ask the Court to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). For the reasons set forth below, Defendants' Motion is **GRANTED**.

## I. BACKGROUND

        Plaintiff Curl Eugene Davis brought this action after being terminated from employment with Tyson Foods on November 15, 2012. (Doc. No. 1). He originally filed this action in Superior Court in Union County on November 21, 2014 appearing to allege claims for invasion of privacy and retaliation under Title VII. (*See* Doc. No. 1-1). Defendants removed the case to this Court on December 24, 2014. (Doc. No. 1).

        Alluded to in his complaint, it appears that Plaintiff filed Charges of Discrimination against Tyson Foods with the Equal Employment Opportunity Commission ("EEOC") on October 4,

2012, and again on March 5, 2013.[1] His first charge explains that he was denied a promotion by Tyson Foods in June 2012, and that a less qualified white applicant received the position. (*See* Doc. No. 6-3). His second charge explains that he was discharged on November 16, 2012 for having pictures of company production equipment on his personal cell phone, though the charge notes Plaintiff's belief that he was actually discharged due to his race. (Doc. No. 6-4). The EEOC issued Plaintiff a right-to-sue letter for both charges on August 13, 2013. (Doc. No. 6-5).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a case must be dismissed in the absence of subject matter jurisdiction, and "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "Before a plaintiff has standing to file a suit under Title VII, he must exhaust his administrative remedies by filing a charge with the E.E.O.C." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *see also* 42 U.S.C. § 2000e-5(f)(1). The scope of the federal lawsuit is limited by the contents of the EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Notably, when a plaintiff fails to exhaust his administrative remedies concerning a Title VII claim, the federal court is deprived of subject matter jurisdiction over the claim. *Id.* Claims that fall outside the scope of the EEOC charge are procedurally barred. *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

Under Federal Rule of Civil Procedure 12(b)(2), a case must also be dismissed in the absence of personal jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.,*

---

[1] The Court may consider an EEOC charge without converting a motion to dismiss into one for summary judgment. *Brown v. Inst. For Family Centered Servs.*, 394 F. Supp. 2d 724, 729 n.2 (M.D.N.C. 2005).

*Ltd.*, 484 U.S. 97, 104 (1987). When service of process is attempted before removal to federal court, the state's service of process rules govern whether the attempt was sufficient. *See Goodwin v. Furr*, 25 F. Supp. 2d 713, 717 (M.D.N.C. 1998). North Carolina Rules of Civil Procedure provide that every party named in the summons must be served. N.C. GEN. STAT. § 1A-1, Rule 4(c). If the entity being served is a natural person service must be completed in one of several possible ways, including "by delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house with some person of suitable age and discretion then residing therein," or "by mailing a copy of the summons and of the complaint, registered or certified mail, and return receipt requested." *See* Rule 4(j)(1)(a)-(c). In addition, a corporation must be served "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, and addressed to the officer, director or agent." *See* Rule 4(j)(6)(c).

Notably, "North Carolina law requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant." *Shaver v. Cooleemee Volunteer Fire Dep't*, No. 1:07-cv-175, 2008 WL 942560, at *2 (M.D.N.C. 2008). Failure to follow the applicable rules of service merits dismissal under FRCP 12(b)(5). *See, e.g.*, *Orban v. Nationwide Trustee Servs.*, No. 5:12-CV-00016-RLV-DS, 2014 WL 6476235, at *7-8 (W.D.N.C. Nov. 19, 2014).

When faced with a Rule 12(b)(6) motion to dismiss, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of a plaintiff's factual allegations, the court is to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "complaint may proceed

even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

Finally, a complaint filed *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers," and "is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a *pro se* litigant must still plead "more than labels and conclusions." *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

### III.  DISCUSSION

#### A.  Service of Process

Having reviewed the record, the Court finds that Plaintiff's attempts at service were deficient. It appears that Plaintiff attempted to serve Leonard Parks[2] by mailing a copy of the Summons and Complaint via certified mail, return receipt requested on November 24, 2014. (*See* Decl. of Leonard Parks, Doc. No. 6-1).[3] However, Defendants show that it was mailed to 233 South Secrest Avenue, Monroe, North Carolina 28112, which is the address of Tyson Foods' Monroe, NC facility where Parks works. (*Id.*) Mailing a Summons and Complaint to a person's place of employment is not considered his "dwelling or usual place of abode" as required by the law. *See Orban*, 2014 WL 6476235, at *7-8.  Further, Parks did not sign for the mail because he

---

[2] In his Response in Opposition (Doc. No. 7), Plaintiff appears to assert that he does not wish to maintain this action against Mr. Parks or Mr. Martin. In an abundance of caution, however, the Court includes those defendants in this discussion.

[3] When a defendant's motion to dismiss is based upon insufficient process or service of process, the court may consider affidavits and other materials outside the pleadings. *See, e.g.*, *SignalQuest, Inc. v. Tien-Ming Chou*, 284 F.R.D. 45, 46 (D.N.H. 2012).

was on vacation at the time of its delivery, and did not authorize anyone to accept service on his behalf. (*See id.*) For these reasons, this Court finds the attempted service of the Summons and Complaint on Parks to be improper and the claims against him must be dismissed pursuant to FRCP 12(b)(5).

Similarly, Plaintiff also mailed the Summons and Complaint to Marty Martin's work address in Springdale, Arkansas via regular U.S. mail. (*See* Decl. of Marty Martin, Doc. No. 6-2). He did not send it via registered or certified mail with a return receipt requested, nor did he deliver it to Martin's personal residence as required by NCRCP 4(j)(l)(a)-(c). (*See id.*) Since Plaintiff's attempted service on Martin did not follow the applicable rules of procedure, he was improperly served. As such, the claims against Martin must be dismissed pursuant to FRCP 12(b)(5).

Other than the attempt to serve Tyson Foods with the Summons and Complaint mailed to Defendants Martin and Parks, it appears from the record that Tyson Foods was never actually served. Though Plaintiff contends he served Tyson Foods through both Defendants Martin and Parks, (*see* Doc. No. 9 at 1; Doc No. 7 at 2), neither are officers, directors, or agents of Tyson Foods. (*See* Doc. No. 6-1 at 2; Doc. No. 6-2 at 2). Further, neither had been appointed to accept service of process for the company. (*Id.*) While the Summons and Complaint were delivered to a Tyson Foods facility by way of mailing it to Parks, the envelope was addressed solely to Parks. (Doc. No. 6-1).There was no indication on the face of the envelope that Tyson Foods was an intended recipient. (*Id.*) Even if the envelope had been addressed to Tyson Foods and Parks had been able to accept service on behalf of Tyson Foods, Parks did not actually sign the return receipt as required. (*See id.*) Plaintiff's attempt to serve Tyson Foods through Martin has the same problems as the attempt to serve Tyson Foods through Parks. (*See* Doc. No. 6-2).

Defendant Tyson Foods does note in the Reply that, on January 23, 2015, Tyson Foods received in its mailroom in Springdale, Arkansas certified mail addressed to "Tyson Food." (*See* Doc. No. 8-1). That mailing contained the state court civil summons and complaint. (*See id.*) Defendant notes that, once a case is removed from state court, service of process is governed by 28 U.S.C. § 1448, which calls for service "in the same manner as in cases originally filed in [] district court"; thus Tyson Foods should have been served with a summons issued by this Court rather than the state court summons. Additionally, Defendant contends that Plaintiff failed to comply with FRCP 4 because the summons was not addressed to or received by an officer, director, or managing agent of Tyson Foods, but was instead received by a mail clerk named Cris Cartagena. (*See* Doc. No. 8-1). The Court generally agrees with Defendant's contentions, and finds that Defendant Tyson Foods was not properly served and that the claims against it must be dismissed pursuant to FRCP 12(b)(5).

## B. Administrative Remedies and Failure to State a Claim

In addition to the deficiencies in service of process, and to the extent Plaintiff seeks to amend the complaint (*see* Doc. No. 9), the Court finds that this case must also be dismissed pursuant to FRCP 12(b)(1) and 12(b)(6). As to Plaintiff's Title VII claim, the EEOC issued Plaintiff a right-to-sue letter for both of his charges of discrimination on August 13, 2013. (Doc. No. 6-5). This included notice to the Plaintiff of his right to file suit within ninety days. *See* 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-16(c). Plaintiff waited to file his suit until November 15, 2014, which is well over the ninety-day time limitation for filing such suits. *See id.* As such, Plaintiff has failed to comply with the statutory administrative prerequisites to pursuing the Title VII retaliation claim identified in the Complaint, and that claim must be dismissed for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).

Plaintiff also cannot maintain a claim for invasion of privacy. Defendants note that North Carolina only recognizes two types of claims for invasion of privacy: "(1) appropriation, for the defendant's advantage, of the plaintiff's likeness; [and] (2) intrusion upon the plaintiff's seclusion or solitude into his private affairs." *Renwick v. News & Observer Publ'g Co.*, 312 S.E.2d 405, 411-12 (N.C. 1984). There are no allegations that Plaintiff's likeness was appropriated; Plaintiff's sole basis for this claim appears to be that Leonard Parks "look[ed] into my cell phone without me being present." (Doc. No. 1-1 at 2). Intrusion into seclusion is defined in North Carolina as an intentional intrusion "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . [where] the intrusion would be highly offensive to a reasonable person." *Toomer v. Garrett*, 574 S.E.2d 76, 90 (N.C. 2002). The types of intrusions that have been recognized in this context include "physically invading a person's home or other private place, eavesdropping by wiretapping or microphones, peering through windows, persistent telephoning, unauthorized prying into a bank account, and opening personal mail of another." *Id.* (internal quotations omitted).

Nothing in the Plaintiff's complaint demonstrates the type of "highly offensive" conduct recognized by North Carolina courts as intrusion into seclusion. Plaintiff does not allege that any private or sensitive information was obtained, or that there was anything particularly offensive about what Parks did. The Complaint simply alleges that Parks looked at the Plaintiff's phone when he was not present.[4] The alleged conduct, then, does not raise Plaintiff's right to relief above the speculative level, and this claim must be dismissed. The Court finds that, to the extent Plaintiff seeks to amend his complaint, such an amendment would be futile for these same reasons.

---

[4] The Court also notes that Marty Martin is not referenced at all in this alleged incident, and that Plaintiff fails to allege any basis for Tyson Foods' liability for this incident.

## ORDER

**IT IS THEREFORE ORDERED** that:

(1) Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 5) is **GRANTED**;

(2) Plaintiff's Complaint is **DISMISSED**;

(3) The Clerk of Court is respectfully directed to send a copy of this order to the

Plaintiff's address of record and **CLOSE THE CASE**.

**SO ORDERED.**

Signed: August 4, 2015

Graham C. Mullen
United States District Judge